# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BIENVENIDO THOMPSON,** | |
| **Plaintiff,** | Civ. No. 2:11-cv-07574 (WJM) |
| **v.** | |
| **NEMETH AUTO CORPORATION,** *et al.*, | **OPINION** |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Nemeth Auto Corporation's request that the Court dismiss the Complaint. Plaintiff and Defendant were parties to a December 13, 2011 proceeding before the New Jersey Department of Labor and Workforce Development ("NJDOL"). ECF No. 1 at 15. Plaintiff lost in that proceeding. *See* Compl. at 1, ECF No 1. Plaintiff filed this action to "appeal[] the decision made on December 13, 2011 by the Department of Labor." Compl. at 1. In response to the Complaint, the owner of Nemeth Auto Corporation filed an informal letter stating that the case should be dismissed because Plaintiff was improperly "appealing the decision that was already made on December 13[th] 2011." Letter at 1, ECF No. 7.

The Court finds that it lacks subject-matter jurisdiction over this action. As a non-lawyer, the owner of Nemeth Auto Corporation is not permitted to make filings on behalf of the corporation. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In this case, Plaintiff seeks an appeal of an NJDOL decision, and it is well-settled that a federal district court cannot act as a court of appeals for a state court decision. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Accordingly, the Complaint must be dismissed. An appropriate order follows.

_____/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 7, 2012**